# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SHIRLEY TEMPLE | § | |
| | § | |
| | § | |
| V. | § | CASE NO. 4:12-CV-262 |
| | § | Judge Mazzant |
| BANK OF AMERICA, N.A., ET AL. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion for Summary Judgment of Defendants Bank of America, N.A. successor by merger to BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. ("Bank of America") and U.S. Bank, N.A., Trustee for the Certificate-Holders of the SAIL 2005-1 Trust Fund ("Trustee") (Dkt. #46). The Court, having considered the relevant pleadings, finds that Defendants' Motion for Summary Judgment should be granted.

### BACKGROUND

On or about October 29, 2004, Plaintiff Shirley Temple obtained a loan in the amount of $230,200 from America's Wholesale Lender (the "Lender"). Plaintiff signed an Adjustable Rate Note wherein she promised to repay the loan through monthly payments of principal and interest beginning December 1, 2004, and ending November 1, 2034 (the "Note"). The Note defined an "Event of Default" to include the failure to "pay the full amount of each monthly payment on the date it is due . . . ." The Lender subsequently endorsed the Note in blank and delivered the endorsed Note to the custodian for the SAIL 2005-1 Trust Fund on or about November 8, 2004.

To secure her payment obligations, Plaintiff also executed a Deed of Trust granting a first lien security interest in the property located at 5952 Stowell Drive, Frisco, Texas 75035 (the "Property"). The Deed of Trust was publicly recorded in the Collin County real property records as

instrument number 2004-0160801.

The Deed of Trust states that the lender is America's Wholesale Lender. The Deed of Trust also states that Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation that is acting solely as nominee for the Lender and Lender's successors and assigns, that MERS is the beneficiary under the Deed of Trust, that MERS has the power of sale and that MERS is empowered to assign that interest.

On December 13, 2011, MERS assigned its beneficial interest in the Deed of Trust to U.S. Bank, N.A., as Trustee for the Certificate-Holders of the SAIL 2005-1 Trust Fund (the "Assignment"). The Assignment was publicly recorded in the Collin County real property records as instrument number 2011-1215001353070.

At all times since the inception of the Plaintiff's loan, Bank of America, or one of its predecessor entities, has been the mortgage servicer to whom Plaintiff would submit her monthly Note payments.

Plaintiff defaulted on her payment obligations and is more than fifty-seven (57) months behind on her contractual Note payments. Specifically, Plaintiff's last monthly payment was submitted on or about January 5, 2009, and was applied to the October 2008 installment. Plaintiff has not made a payment since, and is currently due for the November 2008 Note payment, and all payments coming due thereafter. Plaintiff has also failed to make required payments for property taxes and insurance, which have been advanced by the Defendants, resulting in an escrow deficiency of over $30,000.

In response to Plaintiff's default, Bank of America, as mortgage servicer, sent a notice of default and intent to accelerate to the Plaintiff on January 6, 2009 ("Notice of Default"). The Notice

of Default was mailed to the Property address via certified mail, return receipt requested, and specified that the Note was in default and that if Plaintiff did not cure the default within thirty (30) days, the maturity of the Note would be accelerated.

Plaintiff failed to cure her default in the time and manner proscribed in the Notice of Default. On March 26, 2012, Bank of America, N.A., by and through ReconTrust Company, N.A., sent Plaintiff written notice that the balance of her Note had been accelerated, and a subsequent letter on April 3, 2012, stating that the collateral pledged in the Deed of Trust would be sold at a non-judicial foreclosure sale on May 1, 2012 (the "Notice of Sale"). Both notices were mailed to the Property address via certified mail, return receipt requested. A copy of the Notice of Sale was also filed with the Collin County Clerk's Office and posted at the Collin County courthouse. Plaintiff has not attempted to cure her default or otherwise pay the accelerated balance of her loan.

During the pendency of this litigation, Wilmington Trust Company replaced U.S. Bank as the trustee of the SAIL 2005-1 Trust Fund. On November 8, 2012, U.S. Bank, N.A. filed an Assignment reflecting the new trustee of the trust.

On September 10, 2013, Defendants filed a Motion for Summary Judgment (Dkt. #46). On October 11, 2013, Plaintiff filed a response (Dkt. #50). On October 21, 2013, Defendants filed a reply (Dkt. #51).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257.

## DISCUSSION AND ANALYSIS

Defendants move for summary judgment on all claims asserted, and assert as follows: (1) that Plaintiff has failed to make her mortgage payments for over four (4) years; (2) that the SAIL 2005-1 Trust Fund is the record assignee of the Plaintiff's Deed of Trust and has been in possession of the duly endorsed Note since November 8, 2004, citing *Kiggundo v. Mortg. Elect. Registration Syst.*,

469 F. App'x 330, 331-32 (5th Cir. 2012); (3) that the "split-the-note" theory has been roundly rejected in the Fifth Circuit, citing *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249 (5th Cir. 2013); and (4) that Plaintiff lacks standing to challenge the assignment of her mortgage or enforce the Pooling & Servicing Agreement ("PSA"), citing *Reinagel v. Deutsche Bank Nat. Trust Co.*, 722 F.3d 700 (5th Cir. 2013), *amended and superseded on rehearing by* 735 F.3d 220 (5th Cir. 2013).

Plaintiff's Second Amended Complaint alleges that the SAIL 2005-1 Trust Fund failed to acquire her Note prior to the January 28, 2005 "closing date" specified in the Trust Agreement (the "TA"). According to Plaintiff, because the Note was not transferred to the 2005-1 Trust Fund prior to January 28, 2005, any attempted transfer is void and the 2005-1 Trust Fund is not authorized to pursue foreclosure in the event of her four (4) year default in payments.

**The SAIL 2005-1 Trust Fund is the Holder of the Note with Authority to Foreclose**

The right to foreclose in Texas is determined by a party's relationship to the Deed of Trust, not the Note. Tex. Prop. Code § 51.0001(4). The SAIL 2005-1 Trust fund is also in possession of the duly endorsed original Note and has been since at least November 8, 2004. Based on recent Fifth Circuit authority, which demonstrates that possession of the endorsed Note is sufficient to establish standing to foreclose, possession of the Note is dispositive of this case. *Kiggundu*, 469 F. App'x. at 331-32. By conclusively establishing that the SAIL 2005-1 Trust is in possession of the original endorsed Note and that it has been since prior to the "closing date," all of Plaintiff's claims fail as a matter of law.

Plaintiff fails to create a fact issue with respect to the Note. Plaintiff's response focuses on the Assignment of the Deed of Trust, which generally references the "notes and obligations therein

described . . . ," and argues that the Note was transferred with the Deed of Trust six years after the "closing date." The Note is a negotiable instrument, and that is not how a negotiable instrument is transferred. Tex. Bus. & Com. Code § 3.201(b). The Note was transferred when it was endorsed in blank and physically delivered to the custodian of the Trust. Tex. Bus. & Com. Code § 1.201(b)(21), 3.201(b). The uncontroverted summary judgment evidence demonstrates that this occurred on November 8, 2004. Plaintiff loses, and Defendants are entitled to summary judgment.

**Standing to Challenge the Assignment of Deed of Trust**

Defendants further assert that Plaintiff lacks standing to challenge the Assignment. Plaintiff asserts a single challenge to the Assignment, that "the Assignment did not comply with the TA which makes the purported conveyance, made in contravention of the trust, void."

The Fifth Circuit recently clarified an exception to the general rule regarding standing to challenge and assignment. Specifically, the Fifth Circuit stated that a mortgagor may challenge an assignment "on any ground that renders the assignment void." *Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 224-25 (5th Cir. 2013). However, after clarifying the "void" versus "voidable" requirement, the Fifth Circuit went on to state that "even assuming that the [plaintiffs] are third-party beneficiaries, the fact that the assignments violated the PSA—a separate contract—would not render the assignments void . . . ." *Id.* at 228; *see also Calderon v. Bank of Am., N.A.*, 941 F. Supp. 2d 753, 765-66 (W.D. Tex. 2013); *Washington v. JP Morgan Chase*, No. SA-11-CV-763-XR, 2013 WL 636054, at *8-9 (W.D. Tex. Feb. 20, 2013); *Sigaran v. U.S. Bank Nat. Ass'n*, No. H-12-3588, 2013 WL 2368336, at *3 (S.D. Tex. May 29, 2013). Because the lone challenge asserted by Plaintiff would merely render the Assignment voidable, she lacks standing to make that challenge, and her claims fail as a matter of law. *See also Farkas v. GMAC Mortg., L.L.C.*, No. 12–20668, 2013 WL

6

6231114, at *3 (5th Cir. Dec. 2, 2013).

Plaintiff's response also argues for the first time that she is a third-party beneficiary to the TA, and therefore has standing to enforce its terms. In this summary judgment proceeding, Plaintiff must produce competent summary judgment evidence demonstrating that the parties to the TA intended her to benefit from the TA. Plaintiff fails to offer any evidence to support this allegation.

**Suit to Quiet Title and Trespass to Try Title**

Plaintiff asserts that because the substitute trustee's foreclosure sale is void, U.S. Bank obtained no title to the Property. U.S. Bank asserts that it is entitled to summary judgment on Plaintiff's suit to quiet title and trespass to try title claims because Plaintiff cannot produce any evidence that her title is superior to U.S. Bank's title.

"To prevail in a trespass-to-try-title action, Plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (citation omitted). "The pleading rules are detailed and formal, and require a plaintiff to prevail on the superiority of his title, not on the weakness of a defendant's title." *Id.* (citation omitted).

A suit to quiet title is an equitable remedy to clarify ownership by removing clouds on the title. *See Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007). To establish a claim for suit to quiet title, Plaintiff must show the following: (1) an interest in specific property; (2) that title to the property is affected by a claim by the defendant; and (3) that the claim, although facially valid, is invalid or unenforceable. *Sadler v. Duvall*, 815 S.W.2d 285, 293, n.2 (Tex. App.–Texarkana 1991, pet. denied). An adverse claim, to constitute a cloud on the title removable by the court, must

be one that is valid on its face but is proved by extrinsic evidence to be invalid or unenforceable. *Id.*

Plaintiff has failed to produce summary judgment evidence of her superiority of title. According to the terms of her Deed, Plaintiff's title is still subject to the superior title of the SAIL 2005-1 Trust Fund, which based on the endorsement and transfer of her Note, is the lender. Plaintiff has failed to provide summary judgment evidence demonstrating that the Deed of Trust, Assignment, or any other loan documents are invalid. Thus, Plaintiff has no basis for an action based upon trespass to try title or quiet title.

**Declaratory and Other Equitable Relief**

Defendants also moves for summary judgment on Plaintiff's claims for declaratory relief. The federal Declaratory Judgment Act states, "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Federal courts have broad discretion to grant or refuse declaratory judgment. *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The Declaratory Judgment Act is "an authorization, not a command." *Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962). It gives federal courts the competence to declare rights, but does not impose a duty to do so. *Id.*

The Declaratory Judgment Act is a procedural device that creates no substantive rights, and requires the existence of a justiciable controversy. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-241 (1937); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1179 (5th Cir. 1984). Thus, the Act

provides no relief unless there is a justiciable controversy between the parties. The Fifth Circuit stated as follows:

> In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. Based on the facts alleged, there must be a substantial and continuing controversy between two adverse parties. The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.
> Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects. To obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future. Similar reasoning has been applied to suits for declaratory judgments.

*Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citations and quotations omitted).

Plaintiff is asking the Court to declare that the Defendants have no interest in the Note or Deed of Trust, cannot collect payments, cannot foreclose, and have no legal or equitable interest in the Property. At the present time, there is no actual controversy between the parties that would allow for declaratory relief, and this claim should be denied. Plaintiff's claims fail as a matter of law.

The SAIL 2005-1 Trust Fund is the record assignee of the Plaintiff's Deed of Trust and has been in possession of the duly endorsed Note since November 8, 2004. In this case, because the Note was endorsed in blank and U.S. Bank was in possession of the Note, under Texas law, U.S. Bank was entitled to collect on it. U.S. Bank was authorized to foreclose on the Property when Plaintiff defaulted. The Deed of Trust was assigned to the SAIL 2005-1 Trust Fund on or about December 13, 2011, via a publicly recorded Assignment of Deed of Trust/Mortgage. Plaintiff was provided with statutory Notice of Default on January 6, 2009, and Notice of Substitute Trustee's Sale

on April 3, 2012.

For nearly five years Plaintiff has lived rent-free while disregarding her contractual mortgage obligations, her property taxes and her homeowner's insurance. Plaintiff's legal theories have been rejected in many other cases. Defendants' motion demonstrates, and the summary judgment evidence conclusively shows, that Plaintiff's claims lack any factual merit. There are no genuine issues of material fact, and Defendants are entitled to judgment as a matter of law.

It is therefore **ORDERED** that the Motion for Summary Judgment of Defendants Bank of America, N.A. successor by merger to BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. and U.S. Bank, N.A., Trustee for the Certificate-Holders of the SAIL 2005-1 Trust Fund (Dkt. #46) is hereby **GRANTED** and Plaintiff's case is **DISMISSED** with prejudice.

**SIGNED this 30th day of December, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE